IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GERARDO REYNA-SALGADO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 25-3138-JWL |
| ) | |
| KRISTI NOEM, Secretary, ) | |
|    Department of Homeland Security; ) | |
| PETE R. FLORES, Commissioner, ) | |
|    U.S. Customs and Border Protection; ) | |
| RICARDO WONG, Field Office Director, ) | |
|    ICE ERO Chicago; and ) | |
| C. CARTER, Warden, FCI-Leavenworth, ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM AND ORDER**

Acting *pro se*, petitioner filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his continued detention by immigration officials. In December 2024, after a state-court conviction for domestic battery, petitioner was taken into custody by immigration officials; and on February 21, 2025, the immigration court granted petitioner's request for withholding of removal to his home country of Mexico. Petitioner is presently in custody within this judicial district. Respondents have filed a response to the petition, and petitioner, through counsel, has filed a traverse, and the petition is therefore ripe for ruling. For the reasons set forth below, the Court **denies** the petition.

By his habeas petition, petitioner challenges his continued detention, and he seeks immediate release. To obtain habeas corpus relief, petitioner must demonstrate that he is

"in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner concedes that the Court's analysis here is governed by the *Zadvydas* framework. In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that although an alien may not be detained indefinitely, the detention of an alien subject to a final order of removal for up to six months is presumptively reasonable in view of the time required to accomplish removal. *See id*. at 699-701. The Supreme Court further held that, beyond that six-month period, if the alien shows that there is "no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *See id.* at 701.

Petitioner's removal order became final on February 21, 2025, less than six months ago, and therefore petitioner's detention remains presumptively reasonable – as petitioner concedes in his reply brief.[1] Thus, this petition is premature. Petitioner argues that detention beyond the six-month mark would not be reasonable because removal is not likely in the near future, based on the fact that petitioner's removal to a third country has not yet been accomplished (despite failed attempts by the government to remove petitioner to three alternative countries). Petitioner has not cited any other basis for that argument,

---

[1] The initial 90-day removal period begins when the removal order becomes administratively final, *see* 8 U.S.C. § 1231(a)(1)(B), and petitioner's order became final on that day because neither party appealed the order.

however, and the Court therefore concludes that he has not met his burden to show that there is no significant likelihood of removal in the reasonably foreseeable future.[2] Again, petitioner's continued detention as of this date is presumptively reasonable, and the Court therefore denies the petition.[3]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 11th day of August, 2025, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[2] Petitioner argues in the reply that removal to a third country will require additional steps. Petitioner has mischaracterized the DHS memo on which he relies, however – the memo states that additional procedures are required only if the United States has not received credible assurances from the third country that an alien removed there will not be persecuted or tortured.

[3] Of course, if petitioner's continued detention without removal becomes unreasonable and he can satisfy the applicable standard under *Zadvydas*, petitioner is free to file a new habeas petition seeking his release.